FILED
BILLINGS DIV.

2011 FEB 7 AM 11 44

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 03-020-BLG-RFC |
| | ) | CV 10-115-BLG-RFC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING § 2241 |
| | ) | PETITION |
| KEVIN KEITH FURLONG, | ) | |
| | ) | |
| Defendant. | ) | |

On September 24, 2010, Defendant Kevin Furlong filed a document titled "Habeas Corpus under 28 U.S.C. § 2241." He is a federal prisoner proceeding pro se.

On September 28, 2010, Furlong was given notice under Castro v. United States, 540 U.S. 375, 383 (2003), that the Court intended to recharacterize his § 2241 petition as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Furlong responded ambiguously, stating that he "has never filed a § 2255 motion," so his § 2241 petition "should not be counted as a successive § 2255 motion." Resp. to Order (doc. 146) at 1. Then he both withdrew "his filed § 2255

ORDER DISMISSING § 2241 PETITION / PAGE 1

habeas motion" and requested a certificate of appealability. Id.

Stumped, the Court responded by issuing a second Castro order. Explaining again that Furlong had filed a § 2241 petition and could not use such a petition to challenge his conviction, the Court gave Furlong another opportunity to say whether he would agree to recharacterization of his § 2241 petition as his *first* motion under § 2255. And, if so, Furlong was advised that "he must take the opportunity to bring *all* claims he believes he can make under § 2255 in his response to this Order." Second Order and Notice (doc. 147) at 3. "In sum, the Court is trying, pursuant to Castro, to give Furlong the opportunity to proceed with a § 2255 motion, because that is the only way he can challenge the validity of his conviction." Id. at 4.

Furlong did not respond. Mail addressed to him was not returned.

Furlong has been advised that "the only thing this Court is going to do with a § 2241 petition is dismiss it" because this Court lacks jurisdiction over the only proper respondent to a § 2241 petition, that is, the Warden of FCI Terre Haute, where Furlong is incarcerated. The Warden is not the Respondent Furlong named, Pet. (doc. 144) at 1, but he is the only proper respondent. Rumsfeld v. Padilla, 542 U.S. 426, 435, 439 (2004). And there is no point in transferring the petition to the Southern District of Indiana, 28 U.S.C. § 1631, because Furlong cannot challenge the validity of his conviction under § 2241. Finally, a certificate of appealability is neither

ORDER DISMISSING § 2241 PETITION / PAGE 2

required nor relevant, 28 U.S.C. § 2253(c)(1), so Furlong's request for one, Resp. to Order at 1, must be denied.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Furlong's petition under 28 U.S.C. § 2241 (doc. 144) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court shall close the civil file, No. CV 10-115-BLG-RFC.

3. Furlong's request for a certificate of appealability is DENIED pursuant to 28 U.S.C. § 2253(c)(1).

4. No motions for reconsideration or rehearing will be entertained. The § 2241 petition is dismissed, and that is final.

DATED this 7th day of February, 2011.

Richard F. Cebull, Chief Judge
United States District Court